UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL GENE ROCKWOOD,              :
        Petitioner               :   No. 1:16-CV-00332
                                 :
    vs.                          :   (Judge Kane)
                                 :
KATHY P. LANE,                   :
        Respondent               :

## ORDER

### Background

On February 24, 2016, Petitioner Paul Gene Rockwood, an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a memorandum in support thereof. (Doc. Nos. 1, 2.) Rockwood paid the $5.00 filing fee. Rockwood contends that he was initially approved on February 6, 2015, for placement at a pre-release Residential Re-entry Center ("RRC") but the initial approval was revoked by the Bureau of Prison based on undisclosed security concerns. Id. Rockwood contends that the Bureau of Prisons (1) exceeded its statutory authority and abused its discretion when it disregarded its duty pursuant to 18 U.S.C. § 3624(c)[1] to ensure that he spend a portion

---

1. Section 3624(c) provides in relevant part as follows:

    (1) **In general.** - The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions <u>may</u> include a community
    (continued...)

of the final months of his sentence in pre-release custody and (2) exceeded its statutory authority and abused its discretion when it excluded him from RRC placement without considering the five statutory factors set forth in 18 U.S.C. § 3621(b).[2] Rockwood's case not only involves the issue of his placement at an RRC but

---

1. (...continued)
      corrections facility.

      *   *   *   *   *   *   *   *   *   *

      (4) **No limitations.** - Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

(Emphasis added.)

2. Section 3621(b) states in relevant part as follows:

      (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

      (1) the resources of the facility contemplated;
      (2) the nature and circumstances of the offense;
      (3) the history and characteristics of the prisoner;
      (4) any statement by the court that imposed the sentence—
      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
      (B) recommending a type of penal or correctional facility as appropriate; and
      (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

(Emphasis added.)

his inability to complete a Residential Drug Abuse Program ("RDAP") in a community setting because of the security concerns. Rockwood requests the court to vacate the Bureau of Prisons' decision to exclude him from RRC placement and order the Bureau of Prisons to comply with the initial decision of February 6, 2015, which recommended him for RRC placement. In light of the allegations in the petition, on March 23, 2016, the court ordered that the petition and the memorandum in support thereof be served on the Respondent. On April 12, 2016, the United States Attorney filed a response to Rockwood's petition. (Doc. No. 10.) Rockwood's petition became ripe for disposition on April 28, 2016, when he filed a traverse. (Doc. No. 11.) For the reasons set forth below Rockwood's petition will be denied.

**Discussion**

It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. <u>Olim v. Wakinekona</u>, 461 U.S. 238 (1983). Likewise, there is no constitutional interest in RRC placement. Rockwood's disagreement with the Bureau of Prisons' placement recommendation does not establish a constitutional violation, as nothing in the Second Chance Act[3] or § 3621(b) entitles an inmate to any guaranteed placement in an RRC. See <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 244-251 (3d Cir. 2005) The <u>Woodall</u> Court held that

---

3. The Second Chance Act amended 18 U.S.C. § 3624 to allow a maximum of twelve months of pre-release RRC placement.

Bureau of Prisons, when exercising its discretion, merely had to consider in good faith the factors set forth in §3621(b). (Id.; see also Brown v. Hogsten, 214 F. App'x 124, 126-127 (3d Cir. Jan. 30, 2007)). Furthermore, there is no due process or other constitutional right to participate in the RDAP, to stay in the program once participating, or in discretionary early release. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)(inmate does not have a constitutional right to be released prior to the expiration of a valid sentence); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(concluding that discretionary determinations regarding conditions of confinement do not create due process rights). The issue in this case is whether or not the Bureau of Prisons failed to comply with a statutory provision in such a manner which was arbitrary and capricious resulting in a violation of Rockwood's right to substantive due process. However, in order to establish such a violation, Rockwood has to show that the Bureau of Prisons in terminating his participation in the RDAP and considering the five factors set forth in § 3621(b) acted not merely in an unreasonable fashion but in a manner which can be characterized as "conscious shocking" or "deliberately indifferent." See Hunterson v. DiSabato, 308 F.3d 236, 246-247 & n.10 (3d Cir. 2002); Beckley v. Miner, 125 F. App'x 385, 389-390 (3d Cir. 2005).

The record reveals that Rockwood is serving a sentence of imprisonment of 96 months to be followed by 3 years supervised

release imposed on August 23, 2010, by the United States District Court for the District of Alaska for making false statements to a federal agent relating to an offense involving domestic terrorism in violation of 18 U.S.C. §1001(a)(2). (Doc. No. 10-2, at 32.) While incarcerated at FCI-Allenwood, Rockwood applied for and was accepted for participation in the RDAP. (Id. at 37.) The RDAP consists of the following three components: (1) a residential unit based component which is separate from the general population which involves individual and group activities provided by a drug treatment team; (2) if time allows a follow-up unit-based component where the inmate is given counseling support while the inmate transitions back into general population; and (3) a Transitional Drug Abuse Treatment component ("TDAT") involving community corrections confinement and drug abuse treatment. 28 C.F.R. § 550.53;(Doc. No. 10-2, at 3-27). An inmate convicted of a non-violent offense who successfully completes all three components of the RDAP is eligible to have his sentence reduced by up to 12 months. 18 U.S.C. § 3621(e)(2)(B).[4] Failure to complete all three components disqualifies an inmate for a sentence reduction. (Doc. No. 10-2, at 27.) The Warden at a Bureau of

---

4. Removal from the RDAP does not deprive an inmate of either procedural or substantive due process because a prisoner has no liberty interest in discretionary release from prison prior to the expiration of his or her sentence. Heard v. Quintana, 184 F. Supp.3d 515, 519 (E.D. KY. 2016). Furthermore, "[t]he statute [section 3621(e)] does not implicate a constitutionally-protected liberty interest because it does not mandate a sentence reduction." Id.

Prisons facility "on the basis of his or her discretion, may find an inmate ineligible for participation in" the TDAT component. (Doc. 10-2, at 12.)

When Rockwood was accepted into the RDAP program his release date was provisionally reduced from August 2, 2017, to August 2, 2016. (Doc. No. 10-2, at 31-33, 35.) On February 6, 2015, Rockwood's Unit Team at FCI-Allenwood individually considered Rockwood for RRC placement using the five-factor criteria found in 18 U.S.C. § 3621(b). (Id. at 35.) Following the review of Rockwood's file, the recommendation was made that Rockwood's placement in an RRC for 151 to 180 days was appropriate for successful reintegration into the community. (Id.)[5]

On August 4, 2015, the Warden at FCI-Allenwood, in the exercise of his discretion found Rockwood ineligible for participation in the TDAT component of the drug abuse program because of recently revealed security concerns. Consequently, Rockwood was expelled from the RDAP program because of his inability to complete the TDAT component portion at an RRC.

Thereafter, on August 17, 2015, as a result of the security concerns, Rockwood's unit team reconsidered him for RRC placement

---

5. After the initial February 6, 2015, recommendation for RRC placement the United States Probation Office denied his release plan given the offense conduct, particularly, the formulation of a list of terror targets in the Boston, Massachusetts, area and sought a modification (which was approved by the court) to choose a RRC outside Boston, Massachusetts area. (Doc. No. 2-1, at 10-15.)

using the five factors set forth in 18 U.S.C. § 3621(b), and recommended against such placement. (Doc. 10-2, at 40.) The document noted Rockwood's projected release date as August 2, 2017. (Id.) It is undisputed that Rockwood has exhausted his administrative remedies regarding the decision relating to RRC placement.

The fact that the Warden prevented him from participating in the TDAT component made it impossible for him to complete the RDAP and consequently receive a potential sentence reduction of up to 1 year. As noted above Rockwood claims that the Bureau of Prisons exceeded its statutory authority and abused its discretion when it did not consider him for RRC placement or the factors set forth in 18 U.S.C. § 3621(c). The record reveals that Rockwood's claim that the Bureau of Prisons did not consider him for RRC placement or the factors set forth in § 3621(c) is devoid of merit. The only question is whether or not the Bureau of Prisons abused its discretion in relying on undisclosed security concerns to remove him from the RDAP and to deny him placement in a RRC. As stated above the Warden at a BOP facility has discretion to remove an inmate from participation in the TDAT component of the RDAP. There is no evidence that the Warden who cited security concerns abused that discretion or that the Unit Team which recommended against RRC placement based on the same undisclosed security concerns abused its discretion.

Rockwood has the burden of proof with respect to establishing an abuse of discretion which would warrant habeas relief. This he has failed to do. Although Rockwood attempted to obtain information regarding the security concerns by way of a Freedom of Information Request, the Bureau of Prisons only provided him with a 4-page heavily redacted document which merely notes security concerns without any specifics. (Doc. No. 2-1, at 46.) The Bureau of Prison indicated that the records were redacted under exemptions (b)(7)(C),[6] (b)(7)(F)[7] and (b)(5)[8] of the Freedom of Information Act, 5 U.S.C. § 552. (Id.) When provided with the redacted document on December 3, 2015, Rockwood was advised that he could file a written appeal to the Office of Information Policy within 60 days and that he should address the appeal to Office of Information Policy, U.S. Department of Justice, 1425 New York Ave., Suit 11050, Washington, D.C. 20530-0001 and mark the envelope Freedom of Information Act Appeal. There is no evidence submitted by Rockwood indicating that he followed through with his administrative remedies relating to the Freedom of Information Act

---

6. Records which "could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]"

7. Records which "could reasonably be expected to endanger the life or physical safety of any individual[.]"

8. Records consisting of "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested[.]"

request or subsequently filed a civil action under the Freedom of Information Act in federal court.

Rockwood is not entitled to habeas relief because he failed to establish that the Bureau of Prisons acted in a manner which "shocked the conscience" or was "deliberately indifferent."

Finally, because Rockwood is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.